# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KEITH L. WHITE,

                Plaintiff,

v.

JOSEPH BEAHM, JOHN BIRDYSHAW, CATHY BARKHURST, JESSE JONES, KATRINA MARSHALL, STANLEY RIDLEY, ANN YORK, MELISSA BLOCK, JENNIFER KAYCON, GAYLE GRIFFITH, JACOB GRIPENTROG, KYLE TRITT, G. STRUNZ, and J. BLEILER,

                Defendants.

Case No. 19-CV-1797-JPS

**ORDER**

Plaintiff Keith White, a prisoner proceeding in this matter *pro se*, filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). On February 5, 2020, this Court screened the complaint and allowed Plaintiff to proceed with a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. (Docket #12). On April 22, 2020, Plaintiff filed a motion to amend his complaint to identify John Doe and an additional defendant. (Docket #18). The Court will grant his motion to add these defendants.[1]

---

[1] The Clerk's Office is directed to add Correctional Officers G. Strunz and J. Bleiler as defendants on the docket. However, these defendants will not be served, as this case will be dismissed without prejudice for failure to exhaust.

On May 13, 2020, Defendants filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies as to his claim. (Docket #21). This motion has been fully briefed, and for the reasons explained below, will be granted.

1.  **LEGAL STANDARDS**

    1.1  **Summary Judgment**

    Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

    1.2  **Exhaustion of Prisoner Administrative Remedies**

    The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). He must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Id.*; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if

exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The exhaustion requirement furthers several purposes, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by a defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

### 1.2.1 Inmate Complaint Review System

The Wisconsin Department of Corrections ("DOC") maintains an inmate complaint review system ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. The ICRS "allow[s] inmates to raise in an orderly fashion issues regarding department policies, rules, living conditions, and employee actions that personally affect the inmate or institution environment, including civil rights claims." *Id.* § DOC 310.01(2)(a). Before commencing a civil action or special proceedings, "inmate[s] shall exhaust all administrative remedies the [DOC] has promulgated by rule." *Id*. § DOC 310.05.

There are two steps an inmate must take to exhaust the available administrative remedies. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* § DOC 310.07(2). The ICE may reject the complaint or return the complaint to the inmate and allow him or her to correct any issue(s) and re-file within ten days. *See id.* § DOC 310.10(5),(6). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within ten days. *Id.* § DOC

310.10(10).² If the complaint is not rejected, the ICE issues a recommendation of either dismissal or affirmance to the reviewing authority. *Id.* § DOC 310.10(9),(12). The reviewing authority ("RA") will affirm or dismiss the complaint, in whole or in part, or return the complaint to the ICE for further investigation. *Id.* § DOC 310.11(2).

Second, if the ICE recommends, and the RA accepts, dismissal of the complaint, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within fourteen days. *Id.* §§ DOC 310.09(1), 310.12. The CCE issues a recommendation to the Secretary of the Department of Corrections, who may accept or reject it. *Id.* §§ DOC 310.12(2), 310.13. The inmate exhausts this administrative process when either he or she receives the Secretary's decision. *Id.* § DOC 310.13(2),(3). If the inmate does not receive the Secretary's written decision within ninety days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted. *Id.* § DOC 310.13(4).

## 2. RELEVANT FACTS

Plaintiff alleges that on February 12, 2019, Defendants ignored him when he threatened to cut himself with a razor blade that he found in his cell. (Docket #1 at 4–5). He did in fact cut himself, and Defendants were aware of this, but they did not intervene for some time. (*Id.* at 5–7). Plaintiff was kept on observation status until February 19, 2019. (Docket #24 at 3).

On, February 24, 2019, Plaintiff submitted an inmate complaint related to the February 12, 2019 incident. (Docket #24-3 at 2–3). His complaint was marked received on February 27, 2019. (*Id.*) On that same

---

²The ICRS defines a "reviewing authority" as "a person who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(15).

date, ICE Tonia Moon ("ICE Moon") returned Plaintiff's initial inmate complaint because he had not clearly identified one issue. (*Id.* at 1). In an accompanying letter, ICE Moon explained that Plaintiff's inmate complaint was being returned, and not rejected, so that he would have the opportunity to fix identified errors. (*Id.*) Specifically, ICE Moon asked Plaintiff to clarify what issue he wanted investigated regarding his self-harm incident. (*Id.*) Additionally, ICE Moon informed Plaintiff that his corrected inmate complaint was still being held to the 14-day time limit. (*Id.*) ICE Moon stated that she used the day he left observation, February 19—and not the incident date of the 12th—as the start for his 14-day deadline, because inmates on observation have limited access to writing materials. (Docket #24 at 3). Thus, Plaintiff had until March 5, 2019 to file his revised inmate complaint within the 14-day deadline. (Docket #22 at 10). However, Plaintiff asserts he never received ICE Moon's letter regarding his first inmate complaint. (Docket #25 at 2).

Plaintiff's resubmitted an inmate complaint regarding the February 12 self-harm incident, WCI-2019-5707, which was received on March 25, 2019. (Docket #24 at 4). ICE Moon rejected Plaintiff's inmate complaint as untimely because he did not file it within the 14-day deadline. (*Id.*) Plaintiff did not request to file a late complaint, he did not provide a reason for his late filing, and he did not present any evidence that he was denied use of or inhibited from using the ICRS. (*Id.*) Plaintiff appealed the rejection on April 4, 2019. (Docket #24-2 at 10). The RA affirmed the rejection due to untimeliness on April 5, 2019. (*Id.* at 5–6).

3. **ANALYSIS**

Defendants allege that Plaintiff has not exhausted his administrative remedies on the claim against them, and therefore, this case must be

Page 5 of 9
Case 2:19-cv-01797-JPS   Filed 02/02/21   Page 5 of 9   Document 34

dismissed. Plaintiff argues that he never received ICE Moon's return letter and that he did not know he needed to file a request to submit a late complaint. (Docket #25 at 4–5). Additionally, Plaintiff makes some fleeting arguments that prison staff destroyed the letter or retaliated against him. (*Id.* at 5). Plaintiff submits no evidence to support these unsubstantiated allegations.

The Seventh Circuit addressed similar facts in *Lockett v. Bonson*, 937 F.3d 1016 (7th Cir. 2019). In *Lockett*, the ICE claimed that the facility had no record of Lockett filing an appeal of the dismissal of his inmate complaint. In contrast, Lockett claimed that he had filed an appeal, but did not receive a receipt acknowledging his appeal. *Id.* at 1025–26. The Seventh Circuit explained that Wisconsin has a system that requires a prisoner receive a receipt after filing a complaint, and that the "receipt plays a very significant role in the complaint process" and the Plaintiff's "ability to preserve his right to initiate litigation in the district court." *Id.* at 1026. Reading the regulations in their totality, the Seventh Circuit concluded that Lockett "was obliged to regard the absence of receipt as a red flag [and that] he should have undertaken, through the complaint procedure, an inquiry to ascertain why he had not received this important document." *Id.* at 1027. The Seventh Circuit held that, "Having failed to make that inquiry, he may not now counter evidence that the prison did not receive his administrative appeal with a bald assertion of a timely filing." *Id.*

The Seventh Circuit explained that requiring a prisoner "to employ the complaint system to ascertain the fate of his appeal and the receipt of filing is compatible with the primary purpose of the exhaustion doctrine: it alerts the prison officials to the existence of the problem and affords an opportunity to repair the injury." *Id.* The court emphasized that the burden

Page 6 of 9
Case 2:19-cv-01797-JPS    Filed 02/02/21    Page 6 of 9    Document 34

of proof on the exhaustion issue is on the defendants. *Id.* But once the defendants offered evidence that there was no record of an appeal having been filed, the burden shifted to Lockett "to demonstrate that there was a genuine issue of triable fact with respect to that defense." *Id.*

The Seventh Circuit noted that, while Lockett's affidavit was relevant and probative to the issue of whether he had filed his appeal or received a receipt, it was "insufficient to establish that he ever exhausted the opportunity to resolve the matter within the prison system by making a reasonable inquiry into the reason for the absence of a receipt." *Id.* at 1027–28. As the court observed, "In Wisconsin, the regulations clearly gave him the opportunity to do so, but there is no evidence that he availed himself of this tool." *Id.* at 1028.

In this case, when Plaintiff submitted his first inmate complaint, within 10 days he should have received written notice that the complaint was received or a return of the complaint. Wis. Admin. Code § DOC 310.10(4), (5). When Plaintiff received nothing, that should have been a "red flag" that something was wrong. *See Lockett*, 937 F.3d at 1027; *Pickens v. Schmidt*, No. 19-CV-741, 2020 WL 4530717, at *2 (E.D. Wis. Aug. 6, 2020). In Wisconsin, inmates have opportunities to address issues they encounter during the inmate complaint process. Wis. Admin. Code §§ DOC 310.04(1), 310.06. They can file an information request with the inmate complaint examiner, or they can file a grievance to complain about interference with their efforts to file an inmate complaint. Plaintiff has not presented any evidence that he used such procedures to inquire as to why he had not received a notice that the ICE received his complaint or a return of his complaint.

Page 7 of 9
Case 2:19-cv-01797-JPS   Filed 02/02/21   Page 7 of 9   Document 34

Based on the undisputed facts, Plaintiff did nothing regarding his first complaint for about a month before he resubmitted an inmate complaint regarding the same incident. Beyond not inquiring as to the first complaint, when Plaintiff resubmitted his inmate complaint, he did not follow the procedures to file a late complaint. Wis. Admin. Code § DOC 310.07(2). He did not request to file a late complaint, and he did not argue good cause for filing a late complaint. Thus, it is unsurprising that his resubmitted inmate complaint was rejected for untimeliness.

Because Plaintiff's inmate complaint WCI-2019-5707 was rejected solely on the basis of untimeliness, Plaintiff has not exhausted his administrative remedies on that inmate complaint. "[A] prison grievance rejected solely on the basis of untimeliness will not fulfill the exhaustion requirement." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005) (citing *Pozo*, 286 F.3d at 1025). Therefore, because Plaintiff has failed to exhaust his administrative remedies, the Court will grant Defendants' motion for summary judgment and dismiss this case without prejudice.[3]

4.  **CONCLUSION**

For the reasons explained above, Defendants' motion for summary judgment will be granted and the case dismissed without prejudice for failure to exhaust administrative remedies. Given that the Court is obliged to dismiss this case without prejudice, Defendants' motion to stay summary judgment on the merits, (Docket #32), will be denied as moot.

---

[3] Although it seems clear that Plaintiff will not be able to complete the ICRS process for his claim at this late date, dismissals for failure to exhaust are always without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment for failure to exhaust (Docket #21) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file an amended complaint (Docket #18) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants' motion to stay summary judgment on the merits (Docket #32) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to exhaust administrative remedies.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 2nd day of February, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge